```
              IN THE UNITED STATES DISTRICT COURT
            FOR THE EASTERN DISTRICT OF PENNSYLVANIA


GERALD L. ETTER AND ELLEN E.    :         CIVIL ACTION
ETTER                           :
                                :
          v.                    :
                                :
PROMEDICA SENIOR CARE OF        :         NO. 24-4213
PHILADELPHIA PA, LLC D/B/A      :
PROMEDICA TOTAL REHAB +         :
(PHILADELPHIA), et al.          :
```

MEMORANDUM

Bartle, J.                                          October 22, 2024

In July 2024, plaintiffs Gerald Etter and his wife Ellen Etter sued four corporate defendants in the Court of Common Pleas of Philadelphia County for injuries Gerald Etter allegedly sustained from a fall in December 2022 while at Promedica rehabilitation facility in Philadelphia, Pennsylvania. Gerald Etter has sued for negligence and corporate negligence. Ellen Etter has sued for loss of consortium. After defendants removed the action to this court based on diversity of citizenship, plaintiffs amended their complaint to add a nondiverse defendant. Before the court is the motion of plaintiffs to remand this action to the state court pursuant to 28 U.S.C. § 1447(c).

I.

Plaintiffs are citizens of Pennsylvania. In their initial state-court complaint, plaintiffs pleaded that "upon

information and belief," all four defendants are citizens of Pennsylvania.

Defendants nonetheless removed the case to this court on August 15, 2024 on the ground of diversity jurisdiction under 28 U.S.C. § 1332(a). They maintained and have now filed an affidavit that they are all citizens of Ohio.

Plaintiffs did not wait long after the notice of removal to respond. Exactly one week after later, plaintiffs filed an amended complaint, adding Jennifer Valinoti, the former Nursing Home Administrator of Promedica, as a defendant. Plaintiffs do not now challenge that the corporate defendants are citizens of Ohio, but plaintiffs aver that Valinoti is a citizen of Pennsylvania.

Plaintiffs offer little explanation for their amendment, other than to say that Valinoti was "previously unidentified." The claims against Valinoti largely repeat the claims against the other named defendants. Indeed, the only difference is that plaintiffs re-label some of their "corporate negligence" claims as mere "negligence" against Valinoti. The wording is otherwise identical.

Just five days after adding Valinoti, plaintiffs filed their motion to remand the case to state court for lack of diversity.

II.

Defendants first challenge the timeliness of plaintiffs' amended complaint. They are incorrect. Plaintiffs were timely in filing their amended complaint, as defendants had yet to file a response to the initial complaint. See Fed. R. Civ. P. 15(a)(1)(B).

Defendants misread Rule 15 to argue that plaintiffs were not entitled to amend their initial complaint as of right because 21 days had passed since it was served and defendants had not filed a responsive pleading or Rule 12 motion. However, the plain text of the rule states that defendants may amend their complaint as of right "no later than: (A) 21 days after serving it, or (B) if the pleading is one to which a responsive pleading is required, 21 days after service of a responsive pleading or 21 days after service of a motion under Rule 12(b), (e), or (f), whichever is earlier." Fed R. Civ. P. 15(a)(1) (emphasis added). Plaintiffs' initial complaint was a pleading to which a responsive pleading is required. Because defendants had yet to file an answer or Rule 12 motion, the 21-day period had not yet begun to run. Plaintiffs properly filed their amended complaint.

III.

In their motion to remand, plaintiffs argue that because Valinoti is a citizen of Pennsylvania, complete

diversity is now lacking between the parties and this court lacks subject matter jurisdiction. Defendants counter that Valinoti was added solely to defeat diversity and the court should dismiss her as a party to maintain jurisdiction under Rule 21 of the Federal Rules of Civil Procedure.

A defendant may remove an action filed in state court if the action is one over which the federal courts have original jurisdiction. 28 U.S.C. § 1441(a). The party seeking removal bears the burden of establishing federal jurisdiction. Brown v. Jevic, 575 F.3d 322, 326 (3d Cir. 2009). All doubts must be resolved in favor of remand. Id.

Removal cases "raise forum-manipulation concerns." Rockwell Int'l Corp. v. United States, 549 U.S. 457, 474 n.6 (2007). Once valid jurisdiction vests in a federal district court, "[l]itigants may not employ procedural tactics to deny the district court's ability to reject new parties whose presence would defeat diversity." Avenatti v. Fox News Network LLC, 41 F.4th 125, 133 (3d Cir. 2022). "[C]areful scrutiny should be applied to any post-removal events threatening to wrench . . . jurisdiction away." Id.

Accordingly, "[w]here, as here, a nondiverse defendant has been added post-removal by amendment as of right, courts may sua sponte consider dropping the spoiler under Rule 21." Id. at

-4-

130; Fed. R. Civ. P. 21.[1] The court's decision whether to drop a party is discretionary, but it is limited by two factors: (1) under Rule 19, the court may not drop a party that is indispensable; and (2) under Rule 21, the court's decision to drop a party must be made "on just terms."  Fed R. Civ. P. 19; Fed. R. Civ. P. 21; Avenatti, 41 F.4th at 135.

Valinoti is not an indispensable party.  When all the defendants "are jointly and severally liable, it cannot be argued that [one is] indispensable." Newman-Green, Inc. v. Alfonzo-Larrain, 490 U.S. 826, 838 (1989).  Here, because Valinoti is jointly and severally liable with the other defendants, she is not indispensable and may be dismissed if the court can do so on just terms.

In assessing what constitutes "just terms" for Rule 21 purposes, the United States District Court for the District of Delaware has applied the factors set out in Hensgens v. Deere & Co., 833 F.2d 1179, 1182 (5th Cir. 1987).[2]  Avenatti v. Fox News

---

[1]. Plaintiffs argue that because Valinoti was not fraudulently joined, she should not be dismissed.  However, fraudulent joinder doctrine examines the joinder of parties at the time of removal; it "does not apply to party additions that occur after valid removal."  Avenatti, 41 F.4th at 133 (emphasis in original).

[2]. The Hensgens factors typically apply to removal cases in which the court exercises its discretion under 28 U.S.C. § 1447(e).  Section 1447(e) states that "[i]f after removal the plaintiff seeks to join additional defendants whose joinder would destroy subject matter jurisdiction, the court may deny joinder, or permit joinder and remand the action to State

Network, LLC, No. 20-cv-1541, 2021 WL 2143037, at *3 (D. Del. May 26, 2021), aff'd 41 F.4th 125 (3d Cir. 2022).  That application was endorsed by our Court of Appeals.  Avenatti, 41 F.4th at 129.  This court will therefore use the Hensgens factors as well.  The factors to be considered are:

    (1)   "the extent to which the purpose of the amendment is to defeat federal jurisdiction;"

    (2)   "whether plaintiff has been dilatory in asking for amendment;"

    (3)   "whether plaintiff will be significantly injured if amendment is not allowed;" and

    (4)   "any other factors bearing on the equities."

Hensgens, 833 F.2d at 1182.

First, the court finds that the purpose of plaintiffs' amendment was to defeat jurisdiction.  The timing of the amendment supports this finding.  "[W]here, as here, a plaintiff seeks to add a nondiverse defendant immediately after removal but before any additional discovery has taken place, district courts should be wary that the amendment sought is for the specific purpose of avoiding federal jurisdiction."  Mayes v. Rapoport, 198 F.3d 457, 463 (4th Cir. 1999); see also Avenatti,

---

court."  Because plaintiffs amended their complaint as of right, they did not "seek to" join anyone, and the court exercises its discretion under Rule 21, rather than § 1447(e).  See Avenatti, 41 F.4th at 130.

41 F.4th at 135.  Plaintiffs added Valinoti exactly one week after removal, and no discovery has yet taken place.  This immediacy of amendment signals an illicit purpose.

Additionally, when the initial and amended complaints contain only minor substantive differences, the similarity suggests that the purpose of plaintiffs' amendment is to defeat diversity.  Avenatti, 41 F.4th at 135.  In Avenatti, an attorney sued a television network for defamatory statements made by particular on-air reporters.  Id. at 128.  While the attorney discussed and identified the reporters in his complaint, he did not name them as defendants.  Id.  After the network removed the case based on diversity, the attorney amended his complaint to name one of the reporters as a defendant and to allege that the reporter had published a previously unidentified article containing many of the same defamatory statements as in the initial complaint.  Id.  The court found that the Hensgens "purpose" factor weighed towards dropping the reporter because the minor substantive differences indicated an illicit purpose behind the attorney's amendment.  Id.  at 135.

Here, the minor substantive differences between plaintiffs' complaints demonstrates that the purpose of the amendment is to defeat diversity.  Just as the alleged defamatory statements in the Avenatti amended complaint were identical to those in the initial complaint, plaintiffs here

-7-

assert the same claims against Valinoti as they do against the other defendants.  True, the initial complaint in <u>Avenatti</u> actually identified the reporters without naming them as defendants, whereas here any mention of Valinoti was absent from plaintiffs' initial complaint.  Still, plaintiffs had over a year and a half to identify Valinoti after Mr. Etter's fall and before the filing of the initial complaint.  They waited until after removal to do so.  No discovery has occurred to reveal any new information.  The timing of their amendment and the minor substantive differences between the two complaints establish that the purpose of the amendment was to defeat diversity.  The <u>Hensgens</u> "purpose" factor weighs in favor of dismissing the claims against Valinoti and maintaining jurisdiction.

Second, the court finds that plaintiffs were not dilatory.  They amended the complaint a week after removal, albeit a month after their initial complaint.  This factor supports remand.

Third, the court finds that it is highly unlikely that plaintiffs will be injured if Valinoti is dropped.  Again, plaintiffs bring identical claims against the corporate defendants as they do against Valinoti.  If they are entitled to recover damages, they can recover against the corporate defendants without Valinoti.  This factor buttresses dismissal of the claims against Valinoti.

Fourth, any equitable concerns weighing toward remand are minor. Plaintiffs argue that defendants have concocted a complex, multi-state ownership structure in order to maintain citizenship in Ohio while operating solely in Pennsylvania, thereby reserving the ability to remove state court cases to federal court. This argument is without merit. Defendants were citizens of Ohio before this litigation commenced. They were free to be so and free to remove this action based on diversity. "[T]here is nothing inequitable about asserting one's legal rights." Avenatti, 41 F.4th at 136 n.4.

The circumstances presented here show that Valinoti was added solely to defeat diversity and oust this court of subject matter jurisdiction. Because the absence of Valinoti is highly unlikely to injure plaintiffs, the court will exercise its discretion under Rule 21 to dismiss the claims against Valinoti and retain jurisdiction.

The motion to remand this action to the Court of Common Pleas of Philadelphia County will be DENIED.